## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JOHN WEBER, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Civil Action No.: 4:15-cv-00646-JAR ) |
| v. | ) ) |
| INTERTHINX, INC., a California Corporation, | ) **FIRST AMENDED COMPLAINT AND** ) **JURY DEMAND** |
| and | ) ) |
| VERISK ANALYTICS, INC., a Delaware Corporation, | ) ) ) |
| Defendants. | ) ) ) |

Plaintiff John Weber ("Plaintiff"), on behalf of himself and all others similarly situated, brings this action against Defendants Interthinx, Inc. ("Defendant Interthinx") and Verisk Analytics, Inc. ("Defendant Verisk") (collectively "Defendants") for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

## NATURE OF THE ACTION

1.     Plaintiff alleges on behalf of himself and all other similarly situated Review Appraiser employees of Defendants, regardless of title, who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), that they are (i) entitled to unpaid overtime premiums for all hours worked exceeding forty (40) in a workweek, and (ii) entitled to liquidated damages, attorneys' fees, costs, and pre- and post-judgment interest pursuant to the FLSA.

## JURISDICTION AND VENUE

2.      This Court has original federal question jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.      The United States District Court for the Eastern District of Missouri, Eastern Division has personal jurisdiction over Defendants because the actions and omissions alleged herein, including Defendants' illegal pay practices, occurred, in whole or in part, within this District.

4.      Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b) and (c) because events alleged herein occurred within this jurisdiction.

## PARTIES

5.      Plaintiff is an individual residing in Eureka, Missouri.

6.      Defendant Interthinx is a California corporation with its principal place of business in California.  Interthinx provides risk mitigation solutions focusing on mortgage fraud, collateral risk and valuation, regulatory compliance, forensic loan audit services, loss mitigation, and loss forecasting.

7.      Defendant Verisk is a Delaware corporation with its principal place of business in New Jersey.  At all times relevant, Verisk was the parent company and sole shareholder of Defendant Interthinx.

## COLLECTIVE ACTION ALLEGATIONS

8.      Plaintiff brings his FLSA claim as opt-in action pursuant to 29 U.S.C. § 216(b) on behalf of all Review Appraisers and individuals holding comparable positions with different titles employed by Defendants nationwide within the three years preceding this action who were

not paid the legally required overtime premiums for all hours worked beyond forty (40) in a workweek ("Collective Action Members").

9.     Plaintiff, on behalf of himself and all others similarly situated, seeks relief on a collective basis challenging Defendants' practice of failing to pay their employees overtime compensation. The number and identity of Collective Action Members may be determined from Defendants' records and they may easily and quickly be notified of the pendency of this action.

10.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel who are experienced and competent in the fields of wage and hour law and collective action litigation.  Plaintiff has no interest that is contrary to or in conflict with the members of this collective action.

11.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy. The damages suffered by individual Collective Action Members may be relatively small, and the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

12.     Questions of law and fact common to members of the Collective Action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of law and fact common to Plaintiff and other Collective Action Members are:

   a.  Whether Defendants employed the Collective Action Members within the meaning of the FLSA;

b. Whether Defendants failed to pay the Collective Action Members overtime premiums for all of the hours worked in excess of forty (40) hours per workweek;

c. Whether Defendants illegally classified Collective Action Members as exempt under the FLSA;

d. Whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and

e. Whether Defendants are liable for all damages claimed hereunder, including, but not limited to, overtime compensation, statutory liquidated damages, interest, costs, and attorneys' fees.

13.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF FACTS

14.    From December 2008 to October 2012, Defendant Interthinx employed Plaintiff as a Review Appraiser at its office in St. Charles, Missouri.  Plaintiff supposedly began his employment with Interthinx as an "independent contractor."  Inherthinx classified Plaintiff as a regular, full-time employee soon after he started his employment.  A significant part of Plaintiff's FLSA claim has been tolled by virtue of him having opted into an FLSA action against Defendants captioned *Celeste Shaw v. Interthinx, Inc. et al.*, 2013-CV-01229-REB-NYW (D. Colo., filed May 9, 2013).

15.    Upon information and belief, Defendant Interthinx employed, and continues to employ, Review Appraisers in various offices throughout the United States.

4

16.     Defendant Interthinx classified, and upon information and belief continues to classify, its Review Appraisers as exempt employees under the FLSA and does not pay them overtime compensation regardless of the number of hours worked.

17.     Defendant Interthinx classified and, upon information and belief, continues to classify its Review Appraisers as exempt employees, denying them overtime compensation.

18.     Defendant Interthinx's Review Appraisers are non-exempt employees entitled to overtime premiums as there is no exemption that applies to the duties they perform.

19.     The primary job duty of Plaintiff and other Review Appraisers is reviewing appraisals, confirming information contained in appraisal reports, and flagging inaccuracies in appraisal reports.

20.     Review Appraisers (1) do not regularly supervise the work of two or more employees; (2) do not exercise discretion and independent judgment as to matters of significance or perform office work related to Defendants' general business operations or Defendants' customers; and (3) have no advanced knowledge in a field of science or learning which requires specialized instruction in order to perform their jobs.

21.     All Review Appraisers are similarly situated in that they share common duties and descriptions.

22.     Defendant Verisk sold its ownership interest in Defendant Interthinx to First American Financial Corporation in February 2014.  Upon information and belief, prior to the sale of Interthinx, Defendant Verisk controlled and directed the pay practices of Defendant Interthinx.  Accordingly, Defendant Verisk is liable for Defendant Interthinx's illegal pay practices.

5

23.     Defendants were aware Review Appraisers were paid for forty (40) hours of work per workweek even though their workloads often necessitated work in excess of forty (40) hours per workweek.

24.     Plaintiff routinely worked in excess of 40 hours per week during his employment with Defendants without overtime compensation.  In fact, Plaintiff's workload necessitated that he work approximately 50 hours per week during most of the workweeks during his employment with Defendants.  Specifically, on information and believe, Plaintiff worked 50 or more hours during the workweeks in June 2012.  Likewise, other Review Appraisers worked more than 40 hours per week during their employment with Defendants without overtime compensation.

25.     Defendants' policy and practice of failing to pay Review Appraisers the federally-mandated overtime wages lacks good faith and willfully violates the FLSA because Defendants were aware the Review Appraisers often worked more than forty (40) hours per workweek, paid them for only forty (40) hours per work week, and Defendants were well aware of their overtime payment obligations because Defendants are sophisticated employers who have been sued before for overtime violations.

## COUNT 1

26.     Plaintiff, on behalf of himself and all Collective Action Members, reasserts the allegations set forth in the above paragraphs.

27.     Plaintiff brings Count I, his FLSA overtime claim, as an opt-in collective action pursuant to 29 U.S.C. § 216(b) on behalf of all others similarly situated.

28.     Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).  A copy of Plaintiff's written consent is attached as an Exhibit.

29.     The FLSA regulates the payment of overtime by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

30.     At all relevant times, Defendants have been, and continue to be, subject to the overtime provisions of the FLSA because their employees are engaged in commerce.

31.     At all relevant times, Plaintiff and all Collective Action Members have been entitled to the rights, protections, and benefits provided under the FLSA.

32.     At all relevant times, Plaintiff and all Collective Action Members were employees of Defendants under 29 U.S.C. § 203(e).

33.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. Neither Plaintiff nor any Collective Action Member perform job duties or tasks that exempt them from overtime compensation as required by the FLSA. None of the FLSA exemptions apply to Plaintiff or any Collective Action Members.

34.     The FLSA requires that employers, such as Defendants, compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty (40) hours in a workweek.

35.     Defendants failed to compensate Plaintiff and all Collective Action Members at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek is in violation of the FLSA.

36. Defendants acted willfully and knew, or showed reckless disregard of whether, their conduct was prohibited by the FLSA.

37. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and all Collective Action Members. Accordingly, Defendants are liable pursuant to 29 U.S.C. § 216(b) for overtime compensation, together with an additional amount as liquidated damages including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all similarly situated Collective Action Members, respectfully request this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice of an FLSA opt-in class pursuant to 29 U.S.C. § 216(b) to all similarly situated members apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue;

b. An Order appointing Plaintiff as class representative and Rowdy Meeks Legal Group LLC and Lewis Kuhn Swan PC as class counsel on behalf of all Collective Action Members;

c. A declaration that Defendants are financially responsible for notifying all Collective Action Members of their alleged FLSA violations;

d. An award of damages in the amount of Plaintiff's and Collective Action Members' unpaid overtime wages and an additional amount as liquidated damages;

e. Costs and expenses of this action including reasonable attorneys' fees and expert fees;

f. Pre-judgment and post-judgment interest; and

g. Any further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a trial by jury on all issues so triable.

DATED this 22nd day of May, 2015

> LEWIS | KUHN | SWAN PC
> *(Signed Original on File at Lewis Kuhn Swan PC)*
>
> */s/ Michael D. Kuhn*
> Michael D. Kuhn (#42784CO)
> Andrew E. Swan (#46665CO)
> Paul F. Lewis (*admission pending*)
> 620 North Tejon Street, Suite 101
> Colorado Springs, CO 80903
> Phone: (719) 694-3000
> Email: mkuhn@lewiskuhnswan.com
>         aswan@lewiskuhnswan.com
>
> Rowdy B. Meeks (*pro hac vice*)
> ROWDY MEEKS LEGAL GROUP LLC
> 1601 Mission Road, Suite 100
> Leawood, KS 66206
> Phone: (913) 766-5585
> Email: rowdy.meeks@rmlegalgroup.com
>
> *Attorneys for Plaintiff*

9